THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES HENRY LAMERE, Appellant.

Third Department, April 27, 1972.

16

*James R. Murdock, Jr.,* for appellant.

*John C. McDonald, District Attorney (Daniel T. Manning, Jr.,* of counsel), for respondent.

SWEENEY, J.   This is an appeal from a judgment of the County Court of Essex County, rendered July 14, 1971, upon a verdict convicting the defendant of the crimes of criminal possession of a forged instrument, second degree and petit larceny.

The defendant and one Joan Liberty were jointly indicted by the May, 1971 Grand Jury of Essex County for forgery, second degree, criminal possession of a forged instrument, second degree and petit larceny.   On June 2, 1971 defendant was arraigned, counsel assigned (not the attorney representing defendant on this appeal) and a plea of not guilty entered.   The same attorney was later assigned to represent the codefendant.   Before trial the codefendant changed her plea from not guilty to guilty of forgery, second degree in full satisfaction of the indictment, and she thereafter supplied the main testimony against defendant at his trial.   She, in substance, testified that defendant was the prime mover in the crimes charged and she merely did as he requested.

Defendant, among other things, contends on this appeal that he was denied effective assistance of counsel because of his assigned counsel's dual representation of himself and the codefendant.   The mere representation of two or more defendants by a single attorney, in and of itself, does not constitute a denial of effective assistance of counsel.   It must be further established that a conflict of interest exists between the defendant and another defendant.   (*People* v. *Gonzalez,* 30 N Y 2d 28.)   In the instant case defendant by his plea of not guilty and election to stand trial maintained his innocence.   The codefendant, on the other hand, by her plea of guilty, admitted her participation in the crime of forgery, but by means of mitigation placed the real guilt on defendant.   These positions were clearly divergent.   It should have been anticipated by the attorney that the testimony

of the codefendant after she pleaded guilty would be used against the defendant.

The attorney was professionally charged to represent each defendant to the best of his ability and provide each with every legal available defense and protection. This obligation continued until the relationship of attorney and client terminated. Consequently, the attorney was obliged to represent the codefendant through sentencing, and in the instant case the codefendant had not been sentenced at the time of trial. Understandably, at the time of sentencing, the attorney would be obligated to point out to the court that the codefendant testified truthfully and was helpful in bringing about the conviction of the defendant. Under these circumstances the attorney could not adequately and properly represent both the defendant and the codefendant. Such representation, in our opinion, deprived the defendant of effective and adequate assistance of counsel, thus constituting reversible error. (*United States* v. *Hayman*, 342 U. S. 205; see *Glasser* v. *United States*, 315 U. S. 60.) It is also significant that shortly after the codefendant took the stand the defendant personally objected and advised the court, '' I fire my Counsel as of now. * * * I don't feel like I'm being properly defended.'' The court, in strong language, prevented defendant from continuing. In light of our determination, however, it is not necessary to pass on whether or not the court's action was proper, nor on the other issues presented on this appeal.

The judgment should be reversed, on the law and the facts, and a new trial ordered.

STALEY, JR., J. P., COOKE, KANE and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered.